PETER WONDERLY, Appellant, v. EDWARD MARTIN,. Administrator of Estate of CHARLES SLEVIN, Deceased, Respondent.

St. Louis Court of Appeals, February 2, 1897.

1. Attorney, Liability of Client for Acts of: COLLATERAL AGREEMENT BY ATTORNEY FOR CLIENT WITHOUT AUTHORITY. An attorney as. such can not, without further authority, bind his client by an agreement collateral to and independent of the subject-matter of a suit intrusted to his management.

2. ————: COLLATERAL AGREEMENT: RATIFICATION. In an action on such agreement, where there was no evidence in the record that the client knew of the agreement made for him by his attorney, there could have been no ratification of such agreement by the client. Nor could there have been a ratification by his personal representative, who refused as such to carry out such agreement, and who received no. portion of the award for which the action was brought.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED; Judge BIGGS concurring, Judge BLAND not sitting.

Set aside, but affirmed. February 26, 1897.

No briefs filed.

BOND, J.—In the spring of 1891 the Union Depot. Company began proceedings to condemn certain real estate belonging to Charles Slevin, which was occupied at the time by certain tenants (one of whom was the. plaintiff), who owned the improvements on said land. These tenants were not made parties to said proceed-. ings.    When the report of the commissioners was being. made up, it was agreed between the attorney of tenants

and Eugene Slevin acting as attorney for Charles Slevin, that conveyances of the improvements in question should be made by the tenants to Charles Slevin the owner of the fee, to the end that the allowance of the commissioners should embrace the value of both the land and improvements, and that the value of the latter as fixed by the commissioner's should be paid after its reception, by Charles Slevin, to the tenants as the consideration of their transfer to him of their respective interests. In pursuance of this agreement $73,200 was paid into court by the depot company in accordance with the award of the commissioners of $70,200 as the value of the fee, and $3,000 as the value of the improvements. After this was done and on the fourth of December, 1891, Charles Slevin died. No exceptions to the report of the commissioners were filed on his behalf. The depot company took possession of the property the day before the death of Charles Slevin; thereafter his administratrix and heirs and devisees stipulated that the exceptions to the report of the commissioners taken by the depot company should be sustained, the fund paid into court withdrawn, and the cause dismissed, upon an agreement that the heirs and devisees should convey the property in question by warranty deed to the depot company for the consideration of $80,000. Proper steps were taken to effectuate this agreement. The present action was begun by a demand in the probate court against the estate of Charles Slevin for $250, the amount fixed by the commissioners as the value of his improvements as one of the tenants of the premises. The probate court refused the allowance. It was again denied on appeal to the circuit court, from whose judgment accordingly plaintiff brings it to this court.

It is apparent that the only difference between the facts in the case of *Mount Olive Coal Company v. Estate*

*of Charles Slevin*, 56 Mo. App. 107, and the present one grows out of the additional evidence in this case tending to show that Eugene Slevin was the attorney of Charles Slevin, and that the depot company took possession of the entire property, land, and improvements prior to the death of Charles Slevin, the owner of the fee. Conceding the full effect of the testimony tending to show that Eugene Slevin was the attorney of Charles Slevin; as such, and without further authority, he could not bind his client by an agreement collateral merely to the cause of action intrusted to his management. He might indeed as attorney do any and all acts on behalf of his client necessary to the control and prosecution of the suit or defense and affecting the remedy only, but he could not legally go beyond this and saddle his client *in invitum* with a trust in favor of persons not parties to the litigation. As there is no evidence in this record that Charles Slevin knew of the agreement made for him by his attorney, he could not have ratified the same. Neither did his administratrix ratify the same. She was a party to an agreement by which the sum paid by the depot company into court was released to it and became part of the subsequent payment by it to the heirs and devisees upon the giving by them of a warranty deed to the property. But she refused as administratrix to carry out the agreement made by the attorney of her intestate; nor did she as such receive any portion of the award. Under the ruling in the case of *Mount Olive Coal Company v. Estate of Charles Slevin, supra,* plaintiff can not recover in this action, whatever rights he might have against the heirs and devisees for having knowingly sold his property and failed to account for its proceeds.

*Marginal notes: LIABILITY of client for acts of attorney: collateral agreement by attorney for client without authority.*

*Marginal note: COLLATERAL agreement: ratification.*

The judgment of the circuit court is therefore affirmed: Judge BIGGS concurs; Judge BLAND not sitting.

### CONCURRING OPINION.

BIGGS, J.—In the case of *Mount Olive Coal Company v. Slevin*, 56 Mo. App. 107, there was no substantial evidence that Eugene Slevin had been employed by Charles Slevin to represent him in the condemnation proceedings. That question was at the threshhold of the case and had to be determined first. Behind it were other questions (affecting the liability of the deceased) which it was unnecessary to decide, and which we did not attempt to pass on.

In the case at bar the contention of counsel for plaintiff is that there was some evidence of the employment of Eugene in the first instance. The defendant denies this. Conceding that there was such evidence, one or two obstacles present themselves which, in my opinion, preclude a recovery. The arrangement entered into by Eugene was without the consent of the deceased. The former could act without the consent or direction of his client only as to those matters which were incidental and necessary to the proper management of the suit and which affected the remedy only. He could not impose upon the deceased a trust collateral to and independent of the subject-matter of the suit. This Eugene certainly attempted to do when he entered into the agreement with the tenants, for the deceased had no interest in their claim, and the assessment of their damages for the destruction of the buildings was in no way necessary to the proper or speedy determination of the action against him. But conceding that I am wrong in this, the evidence is undisputed that at the time Eugene made the arrangement with the tenants the deceased had peremptorily discharged

him from further employment, thus taking from him all authority to act in the case. The tenants were not parties to the suit nor interested therein, and therefore were not entitled to any notice of the discharge. They were mere volunteers in the case, and they can not complain in this action that they were misled.

Another contention is that the estate of Slevin is estopped to repudiate the alleged trust. We can not conceive upon what principle this can be maintained. It can not be on the score of ratification, for all of the evidence is to the effect that the deceased was not informed of the alleged agreement with the tenants. Neither can it be sustained upon the ground that he or his personal representative received the money. The day before he died the money was deposited by the Union Depot Company in court. He took no steps to reduce it to his possession, and his administratrix repudiated the trust and refused to receive it. For the foregoing reasons I think the judgment of the circuit court ought to be affirmed.