W. RATICAN, Appellant, v. THE UNION DEPOT COMPANY OF ST. LOUIS et al., Respondents.

St. Louis Court of Appeals, May 9, 1899.

1. **Attorney's Power to Bind His Client.** The authority of an attorney only extends to acts and agreements necessary to the control and prosecution of the suit or defense and effecting the remedy only; it does not empower an attorney to go beyond this and saddle his client with a trust in favor of persons not parties to the litigation.

2. ——: PRIVITY OF CONTRACT: ESTOPPEL. In the case at bar plaintiff is conclusively estopped to demand, as against the transfer of his property to Slevin, anything from the purchaser of such transferee on the theory that it was in privity with the contract claimed to have been made with Slevin through his attorney.

3. **Liability of Union Depot Company**: EQUITABLE OBLIGATION. The Union Depot Company, after dismissal of the suit, retained possession of the lot and converted the improvements thereon to its own use, by reason of which it became equitably obligated to pay plaintiff the assessed value of the improvements. (Dissenting opinion of Judge Biggs.)

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

J. D. JOHNSON and NAGEL & KIRBY for appellant.

The trial court erred in sustaining the demurrer of the Union Depot Company to the petition of plaintiff and rendering judgment thereon; because the averments in the petition admitted by the demurrer established: That plaintiff was entitled to the money in court awarded by the commissioners in the condemnation proceeding for the improvements in question, and that the company and its codefendants withdrew the fund from the court, and converted the same to their own use. Railroad v. Clark, 119 Mo. 357; Railroad v. Fowler, 113 Mo. 458; McAllister v. Reel, 53 Mo. App. 81; Tamm v. Kellog, 49 Mo. 118. Or that there was an implied promise on the part of the Union Depot Company, when it received the improvements from plaintiff, to pay the latter the price awarded for the same and which he is entitled to recover. Atkinson v. Dixon, 96 Mo. 588; Neiswanger v. Squier, 73 Mo. 192; Wood on Landlord and Tenant, sec. 535. The trial court erred in instructing, at the instance of defendants, that the plaintiff was not entitled to recover; because there was evidence tending to show that plaintiff was entitled to the fund in question and that the defendants and the Union Depot Company converted

Ratican v. Union Depot Co.    •

the same to their own use, and thereby became liable for money had and received to plaintiff's use.    See cases cited, *supra*.

JAMES P. MAGIN for heirs of Charles Slevin.

Defendant's instruction asked was properly given, because, first, there was no evidence tending to show that Eugene C. Slevin was the duly authorized attorney of record for Charles Slevin, in the condemnation suit, at the time when said Eugene C. Slevin entered into the agreement, or contract of sale, on behalf of Charles Slevin, with the plaintiff.    Second: Because, even if there was evidence of Eugene C. Slevin's authority as attorney of record, such authority would not have justified him, without more, in entering into the said agreement with plaintiff on behalf of Charles Slevin.    If it be conceded that there was any evidence from which the court below, sitting as a jury, might have found that Eugene C. Slevin was the duly authorized attorney of record for Charles Slevin, in the condemnation suit, still, the fact of such authority being in issue, the finding of the court below to the effect that no such authority existed in Eugene C. Slevin, at the time of the agreements with plaintiff, will not be disturbed in this court, it being peculiarly the province of the trial court to find the facts.    Coal Co. v. Slevin, 56 Mo. App. 107; Wonderly v. Slevin's Est., 69 Mo. App. 84.

McKEIGHAN, BARCLAY & WATTS for Union Depot Company of St. Louis, respondent.

The facts admitted by the demurrer of the respondent Union Depot Company of St. Louis and material to the determination of the demurrer, may be briefly stated thus:    Appellant was a tenant from year to year of a lot of land in the city of St. Louis, and was owner of certain improvements thereon which he had the right to remove during or upon termination of the tenancy.    This respondent instituted

Ratican v. Union Depot Co.

proceedings to condemn this lot for railway uses, making the owner of the lot, but not appellant, owner of the improvements, defendant. Pending the hearing before the commissioners in condemnation, appellant sold his improvements to the lot owner and transferred the same by bill of sale, having an understanding with the lot owner and the commissioners that the latter, in assessing damages for the lot, would include the value of the improvements, which value, though not separately stated, the owner would pay to the appellant; this respondent was not a party to this understanding; the commissioners filed their report and assessed a lump sum in favor of the lot owner, including, in fact, though their report did not so disclose, the value of the appellant's improvements. Upon the filing of the report, this respondent paid the amount of the award into court and took possession of the lot, and at the time it so took possession, it knew of this agreement and relied upon the transfer as vesting title to appellant's improvements in the lot owner. This respondent filed its exceptions to the report, and while such exceptions were pending and undetermined, the lot owner died. Shortly thereafter it was agreed between the heirs-at-law and the administrators of the estate of the lot owner, on the one part, and this respondent, on the other part, that the latter's exceptions should be sustained, the commissioners' report set aside, the amount of the award withdrawn, and such amount, or its equivalent, paid to the heirs-at-law, who would then convey by warranty deed the lot to this respondent; and this agreement was without the knowledge or consent of the appellant, and was carried out. By reason of these facts, appellant claims that this respondent is indebted to him to the extent of the value placed upon the improvements by the commissioners. Our contention is, that the petition states no cause of action against this respondent, and the court below sustained this contention.

BOND, J.—This is a suit against the Union Depot Company, a corporation, and the heirs and distributees of Charles

Slevin. The substance of the petition is, that plaintiff was a tenant at will of certain real estate belonging to Charles Slevin, then alive, with a right to remove certain improvements which he had erected on the premises; that the Union Depot Company brought an action to condemn said land, whereupon plaintiff agreed with the attorney of record in said proceedings of said Charles Slevin that the assessment of the commissioners should embrace also the value of his improvements, which and the sum allowed for the land itself should be paid over to Charles Slevin, whereupon he should pay plaintiff that part which had been allowed for his improvements; that the commissioners on this account added $1,050 to their award; that Charles Slevin died; his administratrix and heirs became parties to the condemnation suit, consented to the sustention of the exceptions of the Union Depot Company to the report of the commissioners and to the withdrawal of the sum paid in thereunder and the dismissal of the suit; that the heirs afterwards sold and conveyed the property to the Union Depot Company for a larger sum that had been awarded by the commissioners, all of which it is alleged was done without plaintiff's knowledge and to prevent him from receiving the amount apportioned to his improvements in the award of the commissioners. The court sustained a general demurrer to the petition on behalf of the Union Depot Company. The other defendants answered. After a trial by the court, waiving a jury, there was a verdict and judgment for all the defendants, from which this appeal is taken. The evidence in this case is exactly the same as that decided on the trial of Wonderly v. Martin, reported in 69 Mo. App. 84 (the transcript in that case being bodily inserted in the transcript in this), with the addition of a written instrument purporting to sell to Charles Slevin the improvements of plaintiff and a written addendum thereto reciting that "for the consideration of such conveyance plaintiff was to receive from Charles Slevin whatever sum may be awarded to him for the above improvements."

There is no evidence that Charles Slevin knew anything what-ever of said proceeding to condemn his property, nor of the contract made by his attorney of record with the plaintiff. The evidence shows that the attorney in question was em-ployed without the knowledge of said Charles Slevin, by his man of affairs, and that when Charles Slevin became apprised of the employment he ordered it to be discontinued; that Charles Slevin was a man eighty years old, feeble in body and mind, irascible, and for some reason displeased with his at-torney. The evidence shows that plaintiff was not a party to the condemnation suit. Upon these facts we have heretofore decided that the estate of Charles Slevin was not chargeable for a demand similar to the plaintiff's, upon the well settled law governing the authority of an attorney to bind his client. The rule on that subject is that such authority only extends to acts and agreements necessary to the control and prosecution of the suit or defense and effecting the remedy only. It does not empower an attorney to go beyond this and saddle his client with a trust in favor of persons not parties to the litiga-tion. Wonderly v. Martin, 69 Mo. App. loc. cit. 86. As the estate which fell to the defendant heirs was not chargeable with a lien nor trust in favor of plaintiff, and as no valid obli-gation against their ancestor was created by the unauthorized contract of his attorney, it follows that there can be no re-covery against the defendant heirs, except upon the theory of a personal undertaking on their part to pay the plaintiff the sum sued for supported by a sufficient consideration. There is not in this record any evidence whatever sustaining the view that such a liability was incurred by the defendant heirs, and the finding of the circuit court in their favor was unquestion-ably correct.

As to the defendant the Union Depot Company, the cor-rectness of the rulings of the trial court sustaining its general demurrer to plaintiff's petition, must be determined by the

legal effect of the *averments in the petition*, and not by the evidence adduced on the trial of the issues between plaintiff and the other defendants. The petition alleges that the Union Depot Company took possession of Charles Slevin's land and plaintiff's improvements thereon after having paid into court the award of the commissioners, "knowing the terms of the said agreement by which the said improvements had been transferred to said Charles Slevin, and *relying upon said transfer to Charles Slevin.*" The italics are ours. The petition further states that by agreement between the representatives of Charles Slevin after his death and the Union Depot Company the condemnation suit was dismissed, the amount paid into court was returned, and the property in question was thereafter purchased by the Union Depot Company from the title holders, the representatives of Charles Slevin. The petition does not state whether or not the possession of the premises which had been taken by the Union Depot Company during the progress of the condemnation suit was surrendered after it had been dismissed. It is said that the agreement for the dismissal was not communicated to plaintiff, *who was not a party to the suit.* Under these allegations there was no error in the ruling of the learned circuit judge that the petition stated no cause of action against the Union Depot Company. According to the petition the Union Depot Company knew plaintiff had conveyed his property to Charles Slevin, in order that he (Slevin) might receive the price therefor and that the title thereto should pass from him to the Union Depot Company. It is not charged in the petition that the Union Depot Company had any knowledge whatever of any infirmity in the agreement which was made by plaintiff with the attorney of Charles Slevin which relieved him (Slevin) or his estate from paying the consideration for which plaintiff conveyed his property to Charles Slevin. On the contrary the petition distinctly and expressly states that the Union Depot Company *relied* upon the fact that Charles Slevin, the owner

of the fee, was also the owner of the improvements thereon
when it paid into court for his benefit the award of the com-
missioners. Plaintiff's own act in transferring his property to
Charles Slevin induced the Union Company to regard him as
owner. Had it thereafter taken a conveyance of the whole
property from Charles Slevin, paying him therefor, there is
no theory of law nor morals upon which plaintiff could have
recovered from the Union Depot Company any part of the
price which it might have paid to Charles Slevin. The fact
that Slevin died and the title which plaintiff put in him de-
scended to his heirs, can not affect the principle which would
have protected the Union Depot Company if it had bought
from him, which is that plaintiff is conclusively

ESTOPPEL. estopped to demand, as against the transfer of
his property to Slevin, anything from the pur-
chaser from such transferee, who is alleged to have been
cognizant of such transfer and to have relied thereon in taking
possession of the property and to have been neither a party
to the agreement between plaintiff and the attorney of Slevin
on the latter's behalf, nor aware of any defect in such contract.
Our conclusion is that under the statement contained in plain-
tiff's petition the Union Depot Company is not liable to him on
the theory of money had and received (as insisted by his
learned counsel), nor upon the theory that it was in privity
with the contract claimed by plaintiff to have been made

PRIVITY. with Slevin, through his attorney, for the pay-
ment to plaintiff of a certain sum in considera-
tion of the sale of his property to Charles Slevin, and that
there was no error in the ruling of the circuit court in sustain-
ing the demurrer of the Union Depot Company, nor in enter-
ing judgment for the other defendants upon the facts disclosed
on the trial of the issues as to them. The judgment of that
court in favor of all the defendants is affirmed. Judge Bland
concurs; Judge Biggs concurs in the opinion "as to the heirs,
but dissents as to the Union Depot Company."

DISSENTING OPINION BY JUDGE BIGGS.

This is an action for money had and received against the Union Depot Company and the heirs of Charles Slevin, deceased. The circuit court sustained a general demurrer to the petition as to the Depot Company, and upon a hearing it peremptorily instructed that under the pleadings and evidence the plaintiff was not entitled to recover against the heirs. I agree with my associate judges that under the evidence the heirs are not liable, but I am of the opinion that the petition states a good cause of action against the Depot Company.

By its demurrer the Depot Company admits that at the time it instituted the condemnation suit the plaintiff was the tenant of Charles Slevin and was in possession of one of the lots sought to be condemned; that he had erected certain improvements thereon and had the right to remove the same; that the plaintiff was not a party to the suit; that in order to avoid complications and delay it was suggested by one of the commissioners that the plaintiff and other tenants who likewise owned the improvements on other lots, should make formal conveyances of their improvements to Charles Slevin, in order that the entire assessment might be made to him; that this was acquiesced in by the tenants, the Depot Company and Eugene Slevin who was professing to act as the attorney of Charles Slevin; that in pursuance of this agreement the commissioners awarded to Charles Slevin for plaintiff $650, the value of his said improvements; that the Depot Company paid that sum into court and thereupon the plaintiff in consideration of the deposit of the money surrendered the possession of the lot and the improvements thereon to the Union Depot Company, and it thereafter retained the same; that after Charles Slevin died and while the exceptions of the Depot Company to the report of the commissioners were pending, the company entered into an agreement with the administratrix of Slevin and his heirs to withdraw the money from court,

dismiss the condemnation proceedings, and the lots sought to be condemned were to be conveyed by the heirs to the company for depot purposes, all of which was done without the knowledge of the plaintiff.

The foregoing facts were substantially proven in the cases of Coal Co. v. Slevin, 56 Mo. App. 107; and Wonderly v. Slevin, 69 Mo. App. 84. The coal company and Wonderly were tenants of Slevin, and like the plaintiff here, they made formal conveyances of their improvements to Charles Slevin for the purpose of having the commissioners assess their value in his name as herein set forth. They sought to recover the awards from the estate of Slevin. For the reasons stated in the opinions we decided that the suits could not be maintained. While the present action is of like character and is founded on substantially the same evidence, other and essentially different legal principles apply in determining the liability of the Depot Company. One of the grounds of such liability is thus stated by counsel for plaintiff, to wit: "When the company paid the amount of the award in plaintiff's favor into court and took possession of the improvements for which the award was made, the title to the improvements vested in the company and at the same time plaintiff became the owner of and entitled to recover the money awarded," and cites in support thereof Railroad v. Clark, 119 Mo. 357; Railroad v. Fowler, 113 Mo. 458. This is an accurate statement of the law and it would apply and govern in this case if the plaintiff had been a party to the condemnation proceedings. Instead of applying to be made a party therein, he constituted or attempted to constitute Charles Slevin his agent to represent him in the litigation, and whether or not the agency was authorized by Slevin or was afterwards accepted by him, could make no difference so far as the depot company was concerned in the conduct of the condemnation proceedings, for it had no notice of the alleged want of authority on the part of Eugene Slevin to impose the alleged trust on Charles Slevin. Hence the Union Depot

Company clearly had the right to agree with the administratrix of Slevin and the Slevin heirs for the dismissal of the suit. The suit was thus dismissed, thereby annulling all legal rights, titles and interest acquired by reason of it. If the company after the dismissal of the suit had placed the plaintiff *in statu quo* by turning back to him the possession of the lot and his improvements thereon which had been surrendered by him on the faith of the award in his favor, then he would have had no claim whatever against the company. But the company did not do this. It retained possession of the lot and converted the improvements thereon to its own use, by reason of which it became equitably obligated to pay

EQUITABLE obligation.
plaintiff the assessed value of the improvements. This obligation does not rest on contract or privity of contract between the plaintiff and the company, but has for its foundation the principle that private property can not be taken either directly or indirectly for public use without just compensation. The owner of property can not by any sort of manipulation or circumlocution be defeated of this right. For these reasons I am of the opinion that the plaintiff has a good cause of action in equity against the Depot Company.